| | | |
|---|---|---|
| RETURN DATE: MAY 12, 2026 | : | SUPERIOR COURT |
| | : | |
| RIGERSA MEROLLI | : | J.D. OF WATERBURY |
| | : | |
| VS. | : | AT WATERBURY |
| | : | |
| CADENCE HEALTH FL, PLCC | : | APRIL 10, 2026 |

# COMPLAINT

**FIRST COUNT: Interference in Violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp**

1. The Plaintiff in this matter, RIGERSA MEROLLI ("Plaintiff"), was at all times relevant to this Action a resident of Waterbury, Connecticut.

2. The Defendant, CADENCE HEALTH FL, PLCC ("Defendant"), is a foreign corporation organized under the laws of the State of New York, with a business address of 295 Lafayette Street, 7th Floor, New York, NY 10012.

3. Plaintiff commenced employment with Defendant as a Clinical Navigator, working remotely from her residence in Waterbury, Connecticut, on or about March 2025.

4. During the course of Plaintiff's employment, Plaintiff's father was diagnosed with pancreatic cancer and resided in the State of Florida.

5. On August 7, 2025, Plaintiff sent an email to the Defendant at people@cadencerpm.com inquiring about her eligibility for leave under the Family and Medical Leave Act. The Plaintiff was seeking time off from work to travel to Florida and care for her father in connection with a scheduled surgery related to his pancreatic cancer.

6. Later that same day, Lisa Lui ("Ms. Liu"), a member of the Defendant's People Team, responded by email to the Plaintiff informing the Plaintiff that she was not eligible for FMLA leave because she had not yet been employed by Defendant for twelve months.

7. Upon information and belief, this statement was incorrect, as Connecticut law requires only three months of employment for eligibility under the Connecticut Family and Medical Leave Act ("CT FMLA"). As such, at the time of this request, the Plaintiff was eligible to utilize CT FMLA.

8. Ms. Liu informed the Plaintiff that she should use her 120 PTO hours that had been front-loaded to her.

9. As a result of being informed that she could only use PTO and after caring for her father for approximately two weeks, Plaintiff exhausted her PTO by August 27, 2025 and thereafter emailed Kelly Hale ("Ms. Hale"), Holly Krymis ("Ms. Krymis"), Marilyn Flores ("Ms. Flores"), and the People Team general email address that she had exhausted her PTO and exploring other options.

10. The following day, on August 28, 2025, Ms. Hale responded by email, copying Ms. Krymis, Ms. Flores, and the People Team general email address, asking how the team should advise Plaintiff regarding her options because Plaintiff would require additional time off but had no remaining PTO.

11. Later that day, on August 28, 2026, Melanie Luftman ("Ms. Luftman") responded by email to the Plaintiff that "given your current tenure and that all PTO has been used, an unpaid leave is likely the right path for now." Again, Ms. Hale, Ms. Krymis, Ms. Flores and Ms. Liu were all cc'ed on the email.

12. At no time from August 7, 2025 until the Plaintiff's termination on December 1, 2025 did anyone employed by the Defendant indicate that the Plaintiff was eligible for CT FMLA. In fact, the only thing that was stated regarding CT FMLA was that the Plaintiff was ineligible.

13. In a subsequent email on September 9, 2025, Ms. Luftman stated that "once PTO is exhausted, outside of approved short term time off accommodations, there is no additional time to use."

14. On or about October 8, 2025, the Plaintiff emailed Melanie Luftman the following:

> *I want to sincerely apologize for missing work. I'm not someone who takes time off lightly or easily. However, my father's condition has deeply affected me and has unfortunately triggered a flare-up of my own health condition. There have been several days recently when I've been extremely unwell. I have submitted my doctor's notes, and even though my doctor advised me to take additional time off, I still came in – hoping to push through. Unfortunately, this led to a worsening of my condition, and I ultimately ended up in the hospital.*

15. Plaintiff has a history of panic attacks and mental health conditions.

16. Plaintiff's communications demonstrate her ongoing effort to remain employed and perform her duties despite her medical condition.

17. On or about October 13, 2025, Plaintiff discovered that her schedule had been cleared and that she had not been assigned any work hours. Plaintiff was instructed to take the following week off without pay to rest and recover and to obtain medical information regarding the job functions she could or could not perform for the Defendant to evaluate whether a reasonable accommodation was warranted or available.

18. Within an hour, the Plaintiff emailed Ms. Luftman to inquire as to why her schedule had been cleared. She informed Ms. Luftman that she felt much better and was ready to return to work that day if permitted by the Defendant. Despite this email, the Plaintiff was not permitted back to work by the Defendant.

19. Defendant removed Plaintiff from active work and income despite her stated readiness to return.

20. At no time did Plaintiff's medical providers restrict her from working; rather, Defendant unilaterally determined her work status.

21. On or about October 15, 2025, the Plaintiff sent another email to Ms. Luftman again detailing ongoing medical conditions that she had been experiencing over the preceding few months. In that email, she provided doctor's notes dated September 22, 2025, September 25, 2025, October 7, 2025, October 13, 2025 and a note from her cardiologist to explain her absences.

22. Plaintiff consistently provided medical documentation and complied with Defendant's requests to provide medical documentation.

23. At Defendant's direction that Plaintiff identify potential reasonable accommodations, Plaintiff requested the ability to take up to one hour of rest following a mental health episode. On or about November 4, 2025, the Defendant denied this request claiming it would present an undue hardship on the business and instead offered Plaintiff a temporary, part-time schedule.

24. The requested accommodation would have impacted no more than three patients per occurrence and could have been reasonably managed through routine workflow adjustments, including rescheduling during cancellations, completing appointments during lunch periods, or after scheduled hours.

25. On or about November 13, 2025, the Plaintiff was provided a note by Kami Davis, LCSW ("Ms. Davis") at Revive Wellness that she has clearance to continue her regular work responsibilities and duties.

26. A week later, on or about November 19, 2025, Ms. Davis wrote a note indicating that the Plaintiff had clearance to work the part-time hours at that time.

27. On November 21, 2025, Plaintiff emailed Ms. Luftman explaining that she was accepting the part-time schedule only because Defendant had denied her requested accommodation of a one-hour break as needed following a mental health episode.

28. Plaintiff accepted Defendant's alternative while expressing a preference for morning hours consistent with her prior schedule.

29. Defendant responded later that day that the only part-time shift available would be from 12:00 p.m. to 5:00 p.m.

30. On November 26, 2025, Ms. Luftman wrote a note that part-time hours in the morning would create an undue hardship to the business and the patients, and again, only offered a schedule from 11 am – 4 pm or noon to 5 pm.

31. Defendant repeatedly refused to grant Plaintiff's morning hours accommodation.

32. On or about December 1, 2025, Plaintiff remained listed on a full-time schedule from 8:00 a.m. to 5:00 p.m. Plaintiff clocked in and was on the clock, ready and able to perform her duties, yet was not assigned any patients and received no communication, supervision, or guidance, despite her availability to work. After observing that her schedule remained unchanged, Plaintiff contacted Defendant's People Team and reiterated her availability to work morning hours.

33. Before her termination, Plaintiff clarified that her request for morning hours was not intended as a new accommodation request, but rather a good-faith statement of her availability, made to avoid further delay in the accommodation process. At that time, Plaintiff remained listed on a full-time 8:00 a.m. to 5:00 p.m. schedule, which reasonably led her to believe that morning hours remained available. Plaintiff's understanding was reinforced by Defendant's failure to communicate any change to her schedule or availability before her termination.

34. Shortly thereafter, Ms. Luftman responded that Defendant did not have part-time hours available in the morning. Defendant then terminated Plaintiff's employment effective that same day, immediately following Plaintiff's communication of her availability.

35. Defendant terminated Plaintiff immediately after she communicated her ability and willingness to return to work within her limitations.

36. Defendant, through the foregoing conduct, interfered with, restrained, and/or denied Plaintiff's right to leave under the Connecticut FMLA, in violation of Conn. Gen. Stat. § 31-51pp(a)(1).

37. As a result of the foregoing conduct of the Defendant, Plaintiff was caused to suffer lost wages and other consequential damages, including emotional distress, worsening of her medical condition, and loss of future employment opportunities.

PLAINTIFF,
RIGERSA MEROLLI

BY: ______________________

James M. Moher
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: 860-296-3457
Fax: 860-296-0676
Juris No. 419987
Email: jmoher@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: MAY 12, 2026 | : | SUPERIOR COURT |
| | : | |
| RIGERSA MEROLLI | : | J.D. OF WATERBURY |
| | : | |
| VS. | : | AT WATERBURY |
| | : | |
| CADENCE HEALTH FL, PLCC | : | APRIL 10, 2026 |

**WHEREFORE, Plaintiff prays for the following relief:**

1. Money damages;
2. Reinstatement, or in lieu thereof, front pay;
3. Attorneys' fees and costs of this Action; and
4. All other awardable relief.

PLAINTIFF,
RIGERSA MEROLLI

BY:____________________________
James M. Moher
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: 860-296-3457
Fax: 860-296-0676
Juris No. 419987
Email: jmoher@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: MAY 12, 2026 | : | SUPERIOR COURT |
| | : | |
| RIGERSA MEROLLI | : | J.D. OF WATERBURY |
| | : | |
| VS. | : | AT WATERBURY |
| | : | |
| CADENCE HEALTH FL, PLCC | : | APRIL 10, 2026 |

**STATEMENT OF AMOUNT IN DEMAND**

The amount in demand exceeds $15,000.00, excluding costs and interests.

PLAINTIFF,
RIGERSA MEROLLI

BY:____________________________

James M. Moher
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: jmoher@cicchielloesq.com